SILBERMAN, Judge, Specially
concurring.
I concur in the majority decision but write to address the postconviction court’s finding that Dixon’s “sentence effectuates the intent of the plea bargain.”
In 2004, Dixon admitted to violating his probation, understanding that he would be imprisoned for no more than five years. After he was sentenced, he learned that he would serve more than five years in prison due to the loss of gain time. Dixon sought and obtained relief from the postconviction court which found, in an order entered in April 2005, that he was entitled to resen-tencing in a manner that effectuated the intent of the plea agreement. After the court resentenced Dixon, he filed his present rule 3.800(a) motion, asserting that the new sentence again does not effectuate the *1211 plea agreement because, due to the loss of gain time, he will serve more than five years in prison.
In denying relief, the postconviction court found that the sentence met the intent of the plea bargain. However, the documents contained in our record do not reflect that Dixon will, in fact, be imprisoned for no more than the agreed-upon five years. Thus, because Dixon’s motion is facially insufficient and because the record does not appear to support the post-conviction court’s finding, I agree that reversal is required.